IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ROY WITUCKI, SR.,** | : | Civil No. 1:04-cv-0169 |
| Petitioner, | : | |
| v. | : | |
| **SUPERINTENDENT EDWARD J. KLEM, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** and **JOHN F. COWLEY,** | : | |
| Respondents. | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Petitioner Daniel Witucki's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). On January 23, 2004, Witucki, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was assigned to a magistrate judge who recommended that the petition be denied as untimely and the case be closed. (Doc. 14.) This court adopted the report and recommendation on June 7, 2004. (Doc. 15.) In the present motion, Witucki argues that he is entitled to pursue his constitutional claims on the merits because he has made a credible claim of actual innocence. (Doc. 25, pp. 4-5 (relying on *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 159 (3d Cir. 2017) and *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (holding that a habeas petitioner can pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief where the petitioner makes a credible

showing of actual innocence).) For the reasons that follow, the motion will be denied.

## I. **Legal Standard**

Relief from judgment pursuant to Rule 60(b) may be granted where there has been fraud, mistake, newly discovered evidence, or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). A court should only grant relief pursuant to Rule 60(b)(6) "sparingly and in circumstances where, without such relief, an extreme and unexpected hardship would occur." *Swaka v. Healtheast*, 989 F.2d 138, 140 (3d Cir 1993). Such circumstances will rarely occur in the habeas context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## II. **Discussion**

The issues presented in the instant 60(b) motion were presented in Witucki's original § 2254 petition. Witucki has not made a credible showing of actual innocence or that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 133 S. Ct. at 1928, 1935.

By his own testimony, McQuiggan admitted to killing Steven K. Johnson on December 21, 1997. The following summarizes that testimony:

> Petitioner and the victim had been involved with the same woman, Karen Paris, for a number of years. By his own testimony, Petitioner was aware of Mr. Johnson's relationship with Ms. Paris since 1995, more than two years prior to the murder. (N.T. p. 376) Further, he had been suspicious of them since 1993 or 1994. (N.T. p. 369) Petitioner had in fact pursued Mr. Johnson and Ms. Paris in 1995, ultimately

2

stopping the vehicle Mr. Johnson was operating and Ms. Paris was riding in and engaging in a physical assault upon Mr. Johnson. (N.T. 384-87)

Further, Petitioner's actions the day of the murder indicate that he had more than sufficient time to reflect upon the actions he was taking. The triggering event he relies upon seems to be that he found flowers and a card sent by Mr. Johnson to Ms. Paris. (N.T. 406-07) Following the discovery of the flowers, he went to the restaurant where Ms. Paris worked where he remained for a period of time. He testified that Mr. Johnson also entered the restaurant while he was there but the[n] he left before Johnson did. (N.T. 408-11) He testified that he left and proceeded up the road a short distance before turning around and returning to the restaurant where he saw Mr. Johnson leaving. (N.T. 412.) On cross-examination, he added that after leaving the restaurant, and prior to driving up the road[,] he went across the road to the Wilson Dodge auto dealership. (N.T. 525) He testified that upon his return from driving up the road, he watched Johnson leave and traveled the same direction and ultimately followed Johnson to the scene of the murder. (N.T. 412-15) He later testified that this trip takes ten to twelve minutes. (N.T. 551) Petitioner testified that at the scene of the murder he got out of the car and verbally confronted Johnson arguing with him. He testified that he then got back in the car and got the vase of flowers again confronting Mr. Johnson. (N.T. 416) He next threw the vase of flowers at Johnson, striking him in the forehead with them. (N.T. 417) Petitioner testified that he continued to verbally confront Mr. Johnson and then returned to the car a second time and obtained a rifle from the back seat area. (N.T. 420) He testified that he wanted to scare Johnson and approached him with [the] rifle. (N.T. 422) Apparently unsatisfied with the effect of the rifle itself, he testified that he returned to the car a third time and obtained a number of rifle cartridges which he loaded into the rifle as he again approached Johnson. (N.T. 424) According to his testimony, [P]etitioner continued approaching Johnson then lunged and kicked at him and the rifle. (N.T. 426) Petitioner indicated that he was unaware of the gun going off the first time, and the second shot was fired during a struggle for the gun. He testified that at the time the third shot was fired, Mr. Johnson was lying on the ground, on his knees and unresponsive. (N.T. 595) The actions at the scene of the murder took

> approximately fifteen minutes according to Petitioner's testimony. (N.T. 551-52)

(Doc. 13, pp. 5-6.)

### III. <u>Conclusion</u>

Based on the foregoing, Witucki has not made a credible showing of actual innocence. The motion will be denied.

An appropriate order will issue.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 5, 2017